MIN: ▓▓▓▓▓▓▓▓  NOTE  Loan Number: ▓▓▓▓▓▓▓▓ 

JULY 3, 2007     WAUWATOSA     WISCONSIN
[Date]     [City]     [State]

7733 W. GRANTOSA DR., MILWAUKEE, WISCONSIN 53218
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 157,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is FIRST FUNDING GROUP, LLC, A WISCONSIN LIMITED LIABILITY COMPANY. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 9.590 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

Solely for the purpose of computing interest, a monthly payment received by the Note Holder within 30 days prior to or after the date it is due will be deemed to be paid on such due date.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 9th day of each month beginning on AUGUST 9, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on JULY 9, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 10425 W. NORTH AVENUE SUITE 205, WAUWATOSA, WISCONSIN 53226

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,330.46

### 4. BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits,

WISCONSIN FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3250 1/01     Page 1 of 3     DocMagic eForms 800-649-1362 www.docmagic.com

WI3250.not



then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

WISCONSIN FIXED RATE NOTE—Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3250.1/01     Page 2 of 3     DocMagic eForms 800-649-1362 www.docmagic.com

WI3250.mzi

12/27/2016

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  
FANNIE SANDERS -Borrower

_____ (Seal)  
THOMAS SANDERS -Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

[Sign Original Only]

WISCONSIN FIXED RATE NOTE-Single Family  
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  
Form 3250 1/01

Page 3 of 3

DocMagic eForms 800-649-1362  
www.docmagic.com

12/27/2016

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: ███████

Date: JULY 3, 2007

Borrower(s): FANNIE SANDERS, THOMAS SANDERS

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this 3rd day of JULY, 2007, and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of FIRST FUNDING GROUP, LLC

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section 4 of the Note is amended to read in its entirety as follows:

**4. BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.

If within THIRTY-SIX ( 36 ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original amount of the loan, I will pay a Prepayment charge in an amount equal to SIXTY ( 60 ) days' interest at the contract rate on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original amount of the loan.

WISCONSIN PREPAYMENT ADDENDUM TO NOTE - FIXED RATE
6/03
Page 1 of 2

DocMagic eForms 800-649-1362
www.docmagic.com

12/27/2016

Case 14-32489-gmh    Doc 28-3    Filed 03/15/17    Page 4 of 10

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

_____ 1/3/07    _____ 7-4-07
Borrower FANNIE SANDERS      Date         Borrower THOMAS SANDERS        Date

_____ _____    _____ _____
Borrower                     Date         Borrower                       Date

_____ _____    _____ _____
Borrower                     Date         Borrower                       Date

12/27/2016

Case 14-32489-gmh   Doc 28-3   Filed 03/15/17   Page 5 of 10

# ALLONGE TO NOTE

LOAN ▉▉▉▉▉▉▉▉▉

PROPERTY ADDRESS: 7733 W GRANTOSA DR., MILWAUKEE, WISCONSIN 53218

PRINCIPAL BALANCE: $157,000.00

ALLONGE TO NOTE DATED: JULY 3, 2007

IN FAVOR OF: FIRST FUNDING GROUP, LLC, A WISCONSIN LIMITED LIABILITY COMPANY

AND EXECUTED BY:
FANNIE SANDERS, THOMAS SANDERS

PAY TO THE ORDER OF:
CITIFINANCIAL MORTGAGE COMPANY, 5901 E. FOWLER AVENUE TAMPA, FL 33617

WITHOUT RECOURSE
FIRST FUNDING GROUP, LLC, A WISCONSIN LIMITED LIABILITY COMPANY

BY: *Mark Dasek*
    MARK DASEK

TITLE:     VICE PRESIDENT

ALLONGE TO NOTE
10/14/05

DocMagic eFroms 800-649-1362
www.docmagic.com

# NOTE ALLONGE

**Statement of Purpose:** This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

**Loan Number:** ███████

**Loan Date:** 7/3/2007    **Original Loan Amount:** $ 157,000.00

**Originator:** FIRST FUNDING GROUP, LLC A WISCONSIN LIMITED LIABILITY COMPANY
**Original Mortgagor:** FANNIE SANDERS AND THOMAS SANDERS
**Property Address:** 7735 W GRANTOSA DR, MILWAUKEE, WI 53218

Pay to The Order of

Bayview Loan Servicing, LLC
Without Recourse

CITIMORTGAGE, INC.

By: _____
Michael E. Wileman, Vice President

CITICAPIII/WL31-2013
PDF Created with deskPDF PDF Creator X - Trial :: http://www.docudesk.com

Case 14-32489-gmh    Doc 28-3    Filed 03/15/17    Page 7 of 10

**ALLONGE FOR THE PURPOSE OF NOTE ENDORSEMENT**

LOAN ID: ███████

This Allonge is to be affixed to and made a part of that certain NOTE further described herein;

NOTE DATE: 07/03/2007

ORIGINAL NOTE AMOUNT: $157,000.00

EXECUTED BY BORROWER(S): FANNIE SANDERS AND THOMAS SANDERS

PAYEE/BENEFICIARY: FIRST FUNDING GROUP, LLC

It is to be read together with, and is hereby incorporated by reference in, the attached instrument, and contributes an integral part thereof.

WITHOUT RECOURSE, PAY TO THE ORDER OF:
U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST

BAYVIEW LOAN SERVICING, LLC

By: _____
Name: Leonardo Nunez
Title: Assistant Vice President

12/27/2016

# NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS



You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from FIRST FUNDING GROUP, LLC

to CITIFINANCIAL MORTGAGE COMPANY, 5901 E. FOWLER AVENUE TAMPA, FL 33617 effective AUGUST 9, 2007.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after the effective date or at closing. In this case, the present servicer and the new servicer have combined all necessary information in this one notice.

Your present servicer is FIRST FUNDING GROUP, LLC

If you have any questions relating to the transfer of servicing from your present servicer call our servicing department at between 8:30 a.m. and 5:00 p.m. on the following days: Monday through Friday.

Your new servicer will be CITIFINANCIAL MORTGAGE COMPANY

The business address for your new servicer is P.O. BOX 31513, TAMPA, FLORIDA 33631-3513

The toll-free or collect call telephone number of your new servicer is (800) 776-2211. If you have any questions relating to the transfer of servicing to your new servicer call CUSTOMER SERVICE (800) 776-2211 between 8:00 a.m. and 8:00 p.m. on the following days: Monday through Friday. This is a toll-free number.

The date that your present servicer will stop accepting payments from you is AUGUST 9, 2007
The date that your new servicer will start accepting payments from you is AUGUST 9, 2007
You should also be aware of the following information, which is set out in more detail in Section 6 of RESPA (12 U.S.C. §2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day, excluding legal public holidays (State or Federal), Saturday and Sunday.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

## BORROWER ACKNOWLEDGMENT

I/We have read this disclosure form, and understand its contents, as evidenced by my/our loan signature(s) below.

Borrower: FANNIE SANDERS  Date: 7/3/07
Borrower: THOMAS SANDERS  Date: 7-3-7

Borrower: _____  Date: _____
Borrower: _____  Date: _____

Borrower: _____  Date: _____
Borrower: _____  Date: _____

* This notification is a requirement of section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2605).

NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS
Reg. X 24 CFR 3500.21 (d)
04/17/06

DocMagic
www.docmagic.com

12/27/2016

## ALLONGE

**Loan Number:** ▮▮▮▮▮▮▮

**Borrower(s):** Fannie Sanders

**Property Address:** 7733 W Grantosa Dr. Milwaukee 53218

**Principal Balance:** $157,000.00

**Loan Date:** July 3, 2007

### WITHOUT RECOURSE PAY TO THE ORDER OF

CitiMortgage, INC.

**Company Name:** First Funding Group LLC

By: _/s/ Mark Dasek_  _Vice President_
Mark Dasek            Vice President

12/27/2016